IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| EDWARD NORTHCRAFT,<br>    Plaintiff,<br><br>v.<br><br>MOULTRIE COUNTY, ILLINOIS, MOULTRIE COUNTY SHERIFF'S OFFICE, SHERIFF GARY CARROLL, in his individual and official capacities; and MOULTRIE COUNTY NEWS-PROGRESS, INC.,<br>    Defendants. | Case No. 2:25-cv-02302-JEH-RLH |

**Order**

Now before the Court is *pro se* Plaintiff Edward Northcraft's Application to Proceed in District Court Without Prepaying Fees or Costs (D. 2).[1]  For the reasons set forth below, the Plaintiff's Application to Proceed *in forma pauperis* (IFP) is GRANTED, and his Amended Complaint[2] (D. 3) is DISMISSED without prejudice.

Because the Plaintiff's Application to Proceed IFP sufficiently demonstrates that he is unable to pay the costs of these proceedings, the Application is granted.

**I**

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP.  *Luevano v. Wal-*

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."
[2] The Plaintiff filed his lawsuit on November 16, 2025, and he filed his Amended Complaint on November 20, 2025.

1

*Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013).  A court shall dismiss a case at any time if:  1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).

    Here, the Plaintiff states this civil rights action "arises from the unauthorized and unlawful public branding of Plaintiff Edward Northcraft, a United States Army combat veteran, as a criminal fugitive on the Moultrie County Sheriff's 'Most Wanted' page, despite the fact that he was involved only in a civil family-court matter and was not accused of any crime."  Pl.'s Am. Compl. (D. 3 at ECF p. 2).  He alleges that his photograph, name, and identifying information were published on the Sheriff's "Most Wanted" webpage, hosted and maintained by Defendant Moultrie County News-Progress, Inc., and the publication falsely implied the Plaintiff was a dangerous criminal fugitive actively evading law enforcement.  The Plaintiff specifically alleges his placement on the "Most Wanted" webpage followed from a civil body attachment that was issued in his state court domestic relations matter and his placement was done without notice to him, without an opportunity for him to be heard, and with no chance to correct any errors before his identifying information was published.  He discovered he was listed as "Most Wanted" in early September 2025.

    The Plaintiff further alleges the Sheriff's Office violated its own Social Media Policy, the Plaintiff's October 21, 2025 request under the Illinois Freedom of Information Act (FOIA) to the Sheriff's Office produced no written policy authorizing what was done nor training materials governing the accuracy of "Most Wanted" postings, and the Plaintiff suffered retaliatory irregularities in his underlying family court matter following his FOIA requests and state court motions.  The Plaintiff alleges he has suffered "severe reputational harm,

emotional distress, interference with employment opportunities, and fear of wrongful detention based on the false 'Most Wanted' posting." *Id*. at ECF p. 3. He brings his procedural due process, First Amendment retaliation, and *Monell v. Department of Social Services of New York* (*Monell*), 436 U.S. 658 (1978), claims pursuant to 42 U.S.C. § 1983 and his defamation, false light, and intentional infliction of emotional distress (IIED) claims pursuant to Illinois common law. Plaintiff Northcraft seeks compensatory and punitive damages, declaratory relief, and an injunction requiring the removal and non-republication of his "Most Wanted" posting.

## II

The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

### A

Even construing the Plaintiff's Amended Complaint liberally, as the Court must given his *pro se* status, the Plaintiff fails to state a viable claim pursuant to 42 U.S.C. § 1983. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers[]"). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he

3

was deprived of a federal right, privilege, or immunity by any person acting under color of state law. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005).

1

With regard to the Plaintiff's procedural due process claim, he fails to identify a protectable liberty interest. "To prevail on a procedural due process claim, a plaintiff must establish that a state actor deprived him of a constitutionally protected liberty or property interest without due process of law." *Hinkle v. White*, 793 F.3d 764, 767 (7th Cir. 2015). The "Supreme Court has held that 'interest in reputation alone' is not cognizable under the Due Process Clause." *Manley v. Law*, 204 F. Supp. 3d 1019, 1025 (N.D. Ill. 2016) (quoting *Paul v. Davis*, 424 U.S. 693, 711-12 (1976)). Rather, "to establish a protected liberty interest, the plaintiffs must show a loss of reputation *plus* the deprivation of some other legal status or right." *Dupuy v. Samuels*, 397 F.3d 493, 513 (7th Cir. 2005) (emphasis in original). The Plaintiff here only goes so far as to allege the loss of his interest in his reputation and good name. He states in a conclusory fashion that the Defendants' publication "misrepresented Plaintiff's legal status[]" (D. 3 at ECF p. 6), but the Plaintiff does not allege an "alteration of legal status, in the sense of a deprivation of a right previously held under state law[.]" *Schepers v. Comm'r, Ind. Dep't of Corr.*, 691 F.3d 909, 914 (7th Cir. 2012) (citing *Paul*, 424 U.S. at 708-09).[3] The Plaintiff's allegation of "interference with employment opportunities" is similarly not enough. *See Hojnacki v. Klein-Acosta*, 285 F.3d 544, 548 (7th Cir. 2002) ("mere defamation by the government does not deprive a person of liberty protected by the Fourteenth Amendment, even when it causes *serious impairment* of one's future employment[]" (emphasis added)); *Mann v. Vogel*, 707 F.3d 872, 878 (7th Cir. 2013)

---

[3] While the Plaintiff attempts to include two separate claims – one for procedural due process and one for "stigma-plus liberty interest" – those are really one and the same claim. *See Khan v. Bland*, 630 F.3d 519, 534 (7th Cir. 2010) (providing that the need to show alteration of legal status together with some stigmatic or reputation injury is commonly referred to as the "stigma plus" test).

(internal citation omitted) ("[W]hen a state actor casts doubt on an individual's good name, reputation, honor or integrity in such a manner that it becomes *virtually impossible* for the individual to find new employment in his chosen field, the government has infringed upon that individual's liberty interest to pursue the occupation of his choice." (emphasis added)). Thus, the Plaintiff fails to state a procedural due process claim.

## 2

To prevail on a claim for unlawful retaliation, a plaintiff must ultimately show: 1) he engaged in activity protected by the First Amendment; 2) he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) the First Amendment activity was at least a motivating factor in the defendant's decision to take the retaliatory action. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020). Here, though the Plaintiff alleges the First Amendment protects the right to seek information through FOIA requests, this Court has not found any authority within this Circuit saying as much. *Compare, e.g., Partee v. Ali*, No. 1:25-cv-01197-JEH-RLH, 2025 WL 1670967, at *2 (C.D. Ill. June 11, 2025) (assuming without deciding that the plaintiff's activity of submitting FOIA requests satisfied the first element of a First Amendment retaliation claim but finding his claim nevertheless failed as to the second element); *Moorer-Bey v. Fed. Bureau of Prisons*, No. 12-cv-00212-GPM, 2013 WL 5347287, at *2 (S.D. Ill. Sep. 23, 2013) ("It is not clear that . . . submitting FOIA requests is protected speech . . ."). Further, while the Plaintiff correctly alleges the First Amendment protects his right to petition the courts, he does not allege that right has been restricted or deprived him. Instead, the Plaintiff alleges he has challenged the "Most Wanted" posting through motions and correspondence in his state court case and has "faced irregular, verbal-only denials of remote appearance and emergency relief, and refusal to provide written orders." Pl.'s Am. Compl. (D. 3 at ECF pp. 9, 13). Such allegations show he

continues to have access, albeit without the desired results. Moreover, such allegations do not, in any event, plausibly suggest Northcraft suffered a deprivation that would likely deter First Amendment activity in the future. *See FKFJ, Inc. v. Vill. of Worth*, 11 F.4th 574, 585 (7th Cir. 2021) ("We ask whether the alleged conduct by the defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity."). The Court resolves this as a matter of law because the asserted injury of unsuccessful motions and refusal to enter written orders is "truly minimal[.]" *Id.* (quoting *Douglas v. Reeves*, 964 F.3d 643, 647 (7th Cir. 2020)). Most importantly, as to the third element, Defendants Sheriff Carroll and the Moultrie County Sheriff's Office are not alleged to be, and cannot possibly be, those who took the alleged retaliatory action in the state court proceedings. Thus, the Plaintiff fails to state a First Amendment retaliation claim.

### 3

As for the Plaintiff's *Monell* claim against Defendant Moultrie County, Plaintiff Northcraft alleges that the County failed to adopt and implement policies governing the use of "Most Wanted" postings in a manner consistent with due process, and it failed to train or supervise employees to ensure compliance with the County's Social Media Policy, all of which were the moving force behind "unlawful classification and publication [of Northcraft] as a criminal fugitive." Pl.'s Am. Compl. (D. 3 at ECF p. 14). "The critical question under *Monell* is whether a policy or custom of a municipal entity caused a constitutional deprivation." *Gonzalez v. McHenry Cnty., Ill.*, 40 F.4th 824, 829 (7th Cir. 2022).

As an initial matter, "there can be no liability under *Monell* for failure to train when there has been no violation of the plaintiff's constitutional rights." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). As already detailed, Plaintiff Northcraft has failed to allege the violation of his procedural due process rights. Even

6

assuming he sufficiently alleged such a violation, the Plaintiff's *Monell* claim still fails.

"Failure to train liability is rare, but it can be a basis for § 1983 liability when 'inadequate training amounts to deliberate indifference to the rights of persons with whom the employee comes into contact.'" *Demos v. Schneider*, No. 23 CV 741, 2023 WL 7166730, at *4 (N.D. Ill. Oct. 27, 2023) (quoting *Flores v. City of S. Bend*, 997 F.3d 725, 731 (7th Cir. 2021)). Failure-to-train liability attaches where there is a "known pattern of tortious conduct demonstrating the need for additional training, 'rather than a one-time negligence.'" *Flores*, 997 F.3d at 731 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 407-08 (1997)). Here, Plaintiff Northcraft alleges just one instance where an individual, Northcraft himself, was listed on the Moultrie County Sheriff's "Most Wanted" page. That is not enough to state a failure-to-train claim pursuant to *Monell*.

Overall, the Plaintiff's allegations in support of *Monell* liability present raw conclusions about inadequate policies and procedures. *Petropolous v. City of Chi.*, 448 F. Supp. 3d 835, 841 (N.D. Ill. 2020). Such raw conclusions "don't cut it" at the pleading stage. *Id.*; *see also Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

**B**

Because the Court has found that the Plaintiff has failed to state any claims pursuant to Section 1983, no federal claims remain in this case. Only Counts V, VI, and VII pursuant to Illinois common law remain. "A district court has 'supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *West v. Hoy*, 126 F.4th 567, 575 (7th Cir. 2025) (quoting 28 U.S.C. § 1367(a)). However, a district

court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) [of Section 1367] if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). The Court declines to exercise supplemental jurisdiction over the Plaintiffs' remaining claims for defamation, false light, and IIED.

### III

For the reasons set forth *supra*, *pro se* Plaintiff Edward Northcraft's Application to Proceed in District Court Without Prepaying Fees or Costs (D. 2) is GRANTED, and the Plaintiff's Amended Complaint (D. 3) is DISMISSED WITHOUT PREJUDICE for failure to state a claim. The Plaintiff is granted leave to further amend his complaint within 21 days if he believes he can do so consistent with this Order. The Clerk is directed to mail a copy of this Order to the *pro se* Plaintiff.

*It is so ordered.*

Entered on December 2, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE