IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| EDWARD NORTHCRAFT,<br>    Plaintiff,<br><br>v.<br><br>MOULTRIE COUNTY, ILLINOIS, MOULTRIE COUNTY SHERIFF'S OFFICE, SHERIFF GARY CARROLL, in his individual and official capacities; and MOULTRIE COUNTY NEWS-PROGRESS, INC.,<br>    Defendants. | Case No. 2:25-cv-02302-JEH-RLH |

**Order**

Now before the Court is the *pro se* Plaintiff Edward Northcraft's Amended Complaint for Damages, Declaratory Relief, and Injunctive Relief (D. 8).[1] For the reasons set forth *infra*, the Plaintiff's Fourteenth Amendment "Stigma-plus due process" claim and *Monell* claim are again dismissed for failure to state a claim. His newly added Fourth Amendment claim for constructive seizure is also dismissed for failure to state a claim and as frivolous. Finally, the Court again declines to exercise supplemental jurisdiction over the Plaintiff's remaining state law claims for defamation *per se*, false light, and intentional infliction of emotional distress.

**I**

Plaintiff Northcraft originally filed his lawsuit on November 16, 2025 pursuing claims pursuant to 42 U.S.C. § 1983 and Illinois state law. He thereafter

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

filed an Amended Complaint (D. 3) which was screened on December 2, 2025 as a result of being filed together with his request to proceed *in forma pauperis*. The Court determined the Plaintiff failed to state a procedural due process claim where he failed to show a loss of reputation plus the deprivation of some other legal status or right. It also determined he failed to state a *Monell* claim against Defendant Moultrie County where he failed to allege the violation of his procedural due process rights, and, furthermore, his allegations in support of *Monell* liability insufficiently presented raw conclusions about inadequate policies and procedures. Pursuant to 28 U.S.C. § 1367(a), the Court declined to exercise supplemental jurisdiction over the Plaintiff's remaining state law claims. The Plaintiff's Amended Complaint was dismissed without prejudice, and he was granted 21 days to further amend his complaint consistent with the Court's December 2nd Order. The Plaintiff filed his First Amended Complaint (D. 8) on December 7, 2025.

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)). The Court finds it appropriate to screen the Plaintiff's First Amended Complaint given that it imposed upon the Plaintiff a requirement that he amend only if he could do so in accordance with the Court's December 2nd Order. Moreover, "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . .". *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). A court shall dismiss at any time an action that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

II

In his First Amended Complaint, Plaintiff Northcraft again alleges[2] that he was involved in a solely civil family-court matter and was never accused of any crime nor charged, yet in early September 2025, he discovered the Defendants published his photograph, name, date of birth, and "wanted" status on the Moultrie County "Most Wanted" webpage. Pl.'s Am. Compl. (D. 8 at ECF p. 3). He alleges the "Most Wanted" designation was made without his notice, opportunity to contest the designation, and no means to correct the false portrayal before publication. He alleges the publication caused him immediate and severe reputational harm, community targeting, humiliation, and fear. His employer terminated him after seeing the "false fugitive" designation. *Id*. Despite complying with his purge obligations imposed by the civil body attachment, the Plaintiff alleges the Defendants allowed his "Most Wanted" posting to remain online for ten additional days, during which time the Plaintiff endured harassment, threats, and fear of arrest. He avoided travel, including "necessary" travel to see his children, due to fear of wrongful detention. *Id*.

The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii). *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief". A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present

---

[2] The Plaintiff explains in his "Compliance Memorandum Regarded Amended Complaint" (D. 8-1) that he removed his "FOIA-related" retaliation claim entirely from the instant First Amended Complaint. (D. 8-1 at ECF p. 2).

3

a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

### A

As for the Plaintiff's procedural due process claim, the Court previously explained that he failed to identify a protectable property interest because the interest in reputation alone is not cognizable under the Due Process Clause. 12/2/2025 Order (D. 4 at ECF p. 4). In his First Amended Complaint, the Plaintiff adds allegations that his legal status was altered where he suffered immediate job loss, he was placed under threat of arrest, his travel was restricted, his parenting was interfered with, and "concrete liberty restraints" were inflicted upon him. Pl.'s 1st Am. Compl. (D. 8 at ECF p. 4). Such additional allegations still fall short of stating a claim.

Again, "to establish a protected liberty interest, the plaintiffs must show a loss of reputation *plus* the deprivation of some other legal status or right." *Dupuy v. Samuels*, 397 F.3d 493, 513 (7th Cir. 2005) (emphasis in original). The loss of previous employment is not enough; defamation by the government, even when it causes "serious impairment" of one's future employment does not deprive a person of liberty protected by the Fourteenth Amendment. *Hojnacki v. Klein-Acosta*, 285 F.3d 544, 548 (7th Cir. 2002). The Plaintiff alleges nothing about his *future* employment, specifically any attempts to obtain it, let alone a serious impairment to it. Plaintiff Northcraft also does not allege the deprivation of some other legal status or right. Being placed under threat of arrest is not actually being placed under arrest. Also, the threat of arrest stemmed from the issuance of the civil body attachment – caused by the Plaintiff's own conduct in the underlying state court domestic relations matter – rather than the Plaintiff's placement on Moultrie County's "Most Wanted" list. The Plaintiff avoided travel but he does not allege any of Defendants in fact restricted his travel. He alleges interference

4

with his parenting, but earlier allegations provide that was the result of *his choice* to avoid travel due to fear of wrongful detention.

To the extent the Plaintiff now alleges a substantive due process violation based upon the alleged interference with his parenting, even construed liberally, the First Amended Complaint fails to state such a claim. "The Due Process Clause 'includes a substantive component that provides heightened protection against government interference with certain fundamental rights and liberty interests.'" *Brokaw v. Mercer County*, 235 F.3d 1000, 1018 (7th Cir. 2000) (quoting *Troxel v. Granville*, 530 U.S. 57, 65 (2000)). "The Supreme Court has long recognized as a component of substantive due process the right to familial relations." *Brokaw*, 235 F.3d at 1018 (providing there is "a fundamental liberty interest of natural parents in the care, custody, and management of their child" (quoting *Santosky v. Kramer*, 455 U.S. 745, 753 (1982)). The Plaintiff's allegations verge on frivolous as neither they nor the reasonable inferences drawn from them suggest Moultrie County or its Sheriff interfered with Northcraft's parental rights. Rather, Northcraft's placement on Moultrie County's "Most Wanted" list came about because a civil body attachment was issued against the Plaintiff in a Moultrie County domestic relations matter. It was the Plaintiff who decided, as a result of that "Most Wanted" posting, he must refrain from traveling which then, in turn, allegedly caused interference with his parenting. In other words, the Plaintiff did not engage in the "necessary" travel to see his children based upon his own choices. The Defendants, by way of the "Most Wanted" posting, did not restrict the Plaintiff's driving privileges, the Plaintiff did so of his own accord. *Compare Bell v. Burson*, 402 U.S. 535, 539 (1971) (holding the state could not withdraw its citizens' right to operate a vehicle on the highways of the state – the state's issuance of drivers' licenses recognizing that right –without giving the petitioner due process).

The Plaintiff also fails to state a Fourth Amendment claim for "constructive seizure/restraint of liberty". Pl.'s 1st Am. Compl. (D. 8 at ECF p. 4). The Court can find no authority within the Seventh Circuit providing for such a cause of action. As for the Plaintiff's cited case, *Bielanski v. County of Kane*, 550 F.3d 632 (7th Cir. 2008), it does not stand for the proposition Northcraft assigns to it. In *Bielanski*, the Plaintiff alleged she was improperly seized without probable cause in violation of the Fourth Amendment where she was allegedly "compelled by process to attend numerous court hearings, ordered to be interviewed by a probation officer, and was placed on pretrial restrictions which limited her freedom." *Id*. at 637. The Seventh Circuit explained that "[i]n order to make out a claim under Section 1983 for an unreasonable seizure in violation of the Fourth Amendment, a plaintiff must allege, of course, that the defendants['s] conduct constituted a seizure, and that the seizure was unreasonable." *Id*. The Seventh Circuit's analysis began and ended with the first component; it found the plaintiff "was not seized as that term is understood in Fourth Amendment analysis" as a "seizure of a person is generally defined in terms of an intentional limitation of a person's freedom of movement." *Id*. Here, in the absence of authority to persuade the Court otherwise, Plaintiff Northcraft's placement on a "Most Wanted" list did not amount to a seizure for Fourth Amendment purposes. The issuance of the civil body attachment which prompted the "Most Wanted" posting, if effectuated, may have resulted in the Plaintiff's seizure. Obviously, however, the "Most Wanted" posting, on its own, did not place limitations on the Plaintiff's freedom of movement. The Plaintiff's Fourth Amendment claim is dismissed for failure to state a claim.

### C

As for the Plaintiff's renewed *Monell* claim, he essentially repeats some allegations and adds others, including that the Defendants failed to train staff to distinguish civil body attachments from criminal fugitives, failed to supervise

6

public postings as demonstrated by the 10-day erroneous continuation of Northcraft's "fugitive" listing, and the Defendants maintained a custom or practice of publishing individuals without verification, review, or timely removal.

> A local governing body may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority.

*Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). As the Court stated in its December 2nd Order, because Plaintiff Northcraft has failed (again) to allege the violation of his constitutional rights, he fails to state a Section 1983 claim under *Monell*.

**D**

Finally, the Court again declines pursuant to 28 U.S.C. § 1367(a) to exercise supplemental over the Plaintiff's remaining state law claims now that it has found the Plaintiff fails to state any federal claims pursuant to Section 1983. Dismissal of this case with prejudice is warranted at this time because it is apparent the Plaintiff will be unable to state a meritorious claim on the facts alleged. *See Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019) (providing that "district courts have a special responsibility . . . to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim[]") (quotation marks omitted)).

## III

For the reasons set forth *supra*, *pro se* Plaintiff Edward Northcraft's First Amended Complaint (D. 8) is DISMISSED WITH PREJUDICE for failure to state a claim. The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on January 7, 2026

<u>s/Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE